CAUSE NO. 401-03535-2015

| | | |
|---|---|---|
| ALBERT B. GRECO, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | |
| BANK OF AMERICA, N.A., LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST and SUMMIT TRUSTEE SERVICES, LLC | § § § § § § § | 401st JUDICIAL DISTRICT |
| Defendants. | § § § | COLLIN COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST and SUMMIT TRUSTEE SERVICES, LLC

COME NOW, Defendants LSF9 Mortgage Holdings, LLC ("LSF9"), U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank Trust"), and Summit Trustee Services, LLC ("Summit") (collectively, "Defendants") and file their Original Answer and would show the Court as follows:

### I. GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all of the claims as alleged by the preponderance of the evidence or such higher standard as may be applicable.

### II. AFFIRMATIVE DEFENSES

2. Plaintiff's claims are barred because one or more of the material obligations of the Note and Security Instrument have not been satisfied, and Plaintiff is in breach of the Loan.

3. Plaintiff's claims are barred by the doctrines of waiver, release, or estoppel.

4. Any allegedly wrongful acts or omissions of Defendants, if and to the extent such

**EXHIBIT D3**

acts and omissions occurred, were legally excused or justified.

5. Plaintiff's claims are barred by the "one satisfaction" doctrine.

6. Plaintiff failed to mitigate or minimize their alleged damages.

7. Defendants deny that all conditions precedent to a right of recovery have been satisfied.

8. Plaintiff's claims are barred by the applicable statute of limitations.

9. Plaintiff's claims are barred by the statute of frauds.

10. Plaintiff's claims are barred by the doctrine of unclean hands and *in pari delicto*.

11. Plaintiff has failed to state a claim upon which relief may be granted.

12. Any and all conduct or activity by Defendants alleged by Plaintiff conformed to any and all applicable state and federal statutes, codes, and regulations at all times relevant herein.

13. Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

14. Defendants claim all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

15. Plaintiff's claims are barred due to the doctrines of ratification and affirmation.

16. Plaintiff affirmed the debt.

WHEREFORE, PREMISES CONSIDERED, Defendants request that Plaintiff take nothing on each and every claim in his Petition. Defendants further pray that they recover such other and further legal or equitable relief to which they may be justly entitled.

Respectfully Submitted,

*/s/ Jeremy Overbey*
J. Allen Smith
Texas Bar I.D. 18616900
*asmith@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D. 24046570
*joverbey@settlepou.com*
Laura L. Pickens
Texas Bar I.D. 24083661
*lpickens@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TURST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, and SUMMIT TRUSTEE SERVICES, LLC

### Certificate of Service

I certify that this document was served in accordance with the Texas Rules of Civil Procedure on November 2, 2015, by the manner indicated upon the following persons:

Via CM/RRR No. 9414 7266 9904 2048 1412 69
Albert B. Greco, Jr.
Law Offices of Albert B. Greco, Jr.
7107 Schafer Street
Dallas, Texas 75252
abgreco@grecolaw.com
Plaintiff

*/s/ Jeremy Overbey*
Jeremy Overbey