IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALBERT B. GRECO, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:15-cv-767 |
| BANK OF AMERICA, N.A., LSF9 | § | |
| MORTGAGE HOLDINGS, LLC, | § | |
| U.S. BANK TRUST, N.A. AS TRUSTEE | § | |
| FOR LSF9 MASTER PARTICIPATION | § | |
| TRUST and SUMMIT TRUSTEE | § | |
| SERVICES, LLC, | § | |
| | | |
| Defendants. | | |

### DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST and SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

Defendants, LSF9 Mortgage Holdings, LLC, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and Summit Trustee Services, LLC ("**Defendants**"), hereby file this, their Rule 26(f) Conference Report, and respectfully shows the Court as follows:

### 1.     A Rule 26(f) Conference Has Not Been Conducted, Despite Defendants' Efforts

A Rule 26(f) conference has not been held in this matter despite multiple attempts by Defendants' counsel, Laura L. Pickens of SETTLEPOU, to conduct the conference with Plaintiff, *pro se*, by the deadline of January 7, 2016.[1]

Specifically, having not heard from Plaintiff regarding conducting the Rule 26(f) conference, Defendants' counsel attempted to call Plaintiff on January 5, 2016, at the only phone number Defendants have for Plaintiff. Defendants' counsel left a voicemail message then immediately sent a follow up email to Plaintiff at the email address given in Plaintiff's Original Petition seeking to conduct the conference that day or the next.

---

[1] Defendant notes that co-defendant Bank of America, N.A. ("**Bank of America**") appears not to have been served yet in this case, and in any event has not yet made an appearance in this case. Defendants' counsel thus was unable to contact co-defendant Bank of America regarding the Rule 26(f) conference.

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 1 OF 9

Having heard nothing from Plaintiff by the next morning, January 6, 2015, Defendants' counsel again attempted to reach Plaintiff by phone at the only number Defendants have for Plaintiff. Defendants' counsel again left a voicemail and a follow up email attempting to conduct the Rule 26(f) conference and reiterating the need to conduct the Rule 26(f) conference by the deadline the next day.

Having still heard nothing from Plaintiff by the next day, January 7, 2015, the deadline to conduct the Rule 26(f) conference, Defendants' counsel again called and emailed Plaintiff seeking to conduct the conference before the deadline.

The next day, around 4:53 p.m. on January 8, 2015, while Defendants' counsel was out of the office, Plaintiff returned the phone call and left a voicemail message. As soon as Defendants' counsel was back in the office on January 12, 2015, she attempted to call Plaintiff back regarding the Rule 26(f) conference, and again left a voicemail message.

Accordingly, January 18, 2015, Defendants' counsel had not heard back from Plaintiff, so she again called Plaintiff regarding the Joint Report. Plaintiff did not answer, so Defendants' counsel sent a follow up email seeking to conduct the Rule 26(f) conference, even though the deadline to do so had passed, and providing Plaintiff with a copy of the Court's Order Governing Proceedings. Defendants' counsel asked Plaintiff to call back and told Plaintiff that if he failed to respond to Defendants' counsel by January 20, 2015, Defendants' counsel would have no choice but to finalize this report, which Defendants' counsel had already begun to prepare, and file the same unilaterally to ensure Defendants' compliance with the Rule 26(f) conference report deadline of January 21, 2015.

As of this writing, Plaintiff has still failed to contact Defendants' counsel to conduct the Rule 26(f) conference, and thus Defendant is filing this report. A true and correct copy of the emails sent by Defendants' counsel to Plaintiff is attached hereto as Exhibit No. 1 and is incorporated herein by reference.

Bank of America, NA has not made an appearance in this case.

**2.      A brief factual and legal synopsis of the case:**

This is a suit filed by Plaintiff challenging the attempted foreclosure of a mortgage lien against Plaintiff's real property located at 7107 Schafer Street, Dallas, Texas 75252. The Plaintiff claims that the lien is invalid due to alleged defects in the origination of the loan and that the property tax payments were not timely paid from escrow. Specifically, the Plaintiff alleges that the signatures on the loan documents were altered and that the Home Equity loan violates the Texas Constitution, and requests declaratory judgment and quiet title.  Additionally, the Plaintiff asserts a claim for breach of contract based on alleged untimely property tax payments from escrow by

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 2 OF 9

Bank of America. The Plaintiff is seeking to invalidate the loan through a declaratory judgment with an order quieting title to the property in favor of the borrower and judgment for contract damages in the form of attorneys' fees and cost of suit.

**3. State the jurisdictional basis for this suit:**

This Court has diversity jurisdiction in that there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332, 1348, 1441, and 1446.

**4. A list of the correct names of the parties to this action and any anticipated additional or potential parties:**

1. Bank of America, N.A.
2. LSF9 Mortgage Holdings, LLC
3. U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust
4. Summit Trustee Services, LLC
5. Albert B. Greco, Jr.

Additional or anticipated parties: N/A

**5. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:** N/A

**6. Confirm that initial mandatory disclosures required by Rule 26(a)(1) and the Court's Order Governing Proceedings has been completed:**

Pursuant to the Court's Order Governing Proceedings, the parties' initial disclosures are due by January 19, 2016.

Defendants have not received any initial disclosures from Plaintiff.

Defendants served their Rule 26 Initial Disclosures on Plaintiff on January 19, 2016.

**7. Proposed Scheduling Order Deadlines:**

| | |
|---|---|
| February 15, 2016 | Deadline for motions to transfer |
| March 21, 2016 | Deadline to add parties |
| June 21, 2016 | Mediation must occur by this date. |

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

| | |
|---|---|
| April 18, 2016 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| May 2, 2016 | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required.) |
| May 16, 2016 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| May 16, 2016 | Deadline for Defendant's final amended pleadings (A motion for leave to amend is required.) |
| July 25, 2016 | All discovery shall be commenced in time to be completed by this date. |
| August 15, 2016 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| November 2, 2016 | Notice of intent to offer certified records. |
| November 2, 2016 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| November 9, 2016 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 4 OF 9

| | |
|---|---|
| November 14, 2016 | Motions in limine due |
| | File Joint Final Pretrial Order (See www.txed.uscouts.gov). |
| | Submit Exhibit List in Microsoft Word format |
| November 30, 2016 | Response to motions in limine due[2] |
| | File objections to witnesses, deposition extracts, and exhibits, listed in the pre-trial order.[3] (This does not extend the deadline to object to expert witnesses.) |
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| December 7, 2016 | Deadline to file pre-marked exhibit list in editable MicrosoftWord format. |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| December 14, 2016 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference Date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 9:30 a.m. Jury selection and trial or bench trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between January 9, 2017, and January |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 5 OF 9

27, 2017. A specific trial date in this time frame will be selected at the Final Pretrial Conference.

**8.**   **Name, address, and telephone number of agreed-upon attorney-mediator, if any:**

The parties have not yet agreed upon a mediator.

**9.**   **Identity of persons expected to be deposed.**

Defendants expect to depose Plaintiff and any other witnesses timely disclosed by Plaintiff who have knowledge of relevant facts.

**10.**   **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

None at this time. Defendants contend that electronically stored information should be produced via printed copy.

**11.**   **Any issues relating to preserving discoverable information, including electronically stored information:**

None at this time.

**12.**   **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c):**

In addition to contending that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) as set forth in Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. No. 7), Defendant also contends dismissal is appropriate under Fed. R. Civ. P. 16(c)(2)(A) because this case is frivolous. The frivolity of this suit is indicated by Plaintiff's failure to re-plead as ordered by the Court in its Order and Advisory (Doc. No. 4) and Plaintiff's failure to contact Defendant's counsel to conduct a Rule 26(f) conference and attempt to further delay this case as described above. Defendant thus contends it would be appropriate for the Court to enter an order dismissing this case under Fed. R. Civ. P. 16(c)(2)(A).

**13.**   **Estimated trial time:**

Defendants anticipate trial will take 2 to 3 days, in the event the case is not dismissed before trial on dispositive motion or otherwise.

**14.**   **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and**

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

**have full authority to bind the client):**

Jeremy Overbey, Amy Ooi, or John Cope will appear as counsel for Defendants.

Defendants' counsel is unaware if Plaintiff, *pro se*, will attend the conference.

15. **United States Magistrate Judges are vested with full authority to try both jury and non-jury trials. State whether the parties agree to trial before a United States Magistrate Judge:**

The parties do not consent to trial before a United States Magistrate Judge.

16. **Any other matters counsel deems appropriate for inclusion in the joint conference report:**

Pursuant to Rule 26(f)(3)(D), Defendants contend there are no issues at this time about claims of privilege or of protection as trial-preparation materials, and no agreement has been reached on a procedure to assert these claims after production.

Pursuant to Rule 26(f)(3)(E), Defendants do not propose any changes in the limitations on discovery imposed under the Fed. R. Civ. P. or by local rule, or the imposition of any other limitations, except as otherwise requested hereinabove.

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 7 OF 9

Respectfully Submitted,


/s/ Jeremy Overbey
J. Allen Smith
Texas Bar I.D. 18616900
*asmith@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D. 24046570
*joverbey@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR LSF9 MORTGAGE
HOLDINGS, LLC, U.S. BANK TURST,
N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, and SUMMIT
TRUSTEE SERVICES, LLC

and

John J. Cope
Texas Bar I.D. 00785784
jcope@copefirm.com

 COPE LAW FIRM
9284 Huntington Square, Suite 100
North Richland Hills, TX 76182
(817) 498-2300
(817) 581-1500 (Facsimile)
CO COUNSEL FOR LSF9 MORTGAGE
HOLDINGS, LLC, U.S. BANK TURST,
N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, and SUMMIT
TRUSTEE SERVICES, LLC

**Certificate of Service**

I certify that this document was served in accordance with the Federal and Texas Rules of Civil Procedure on January 19, 2016, by the manner indicated upon the following persons:

Via Email and CM/RRR No. 9414 7266 9904 2048 1421 98
Albert B. Greco, Jr.
Law Offices of Albert B. Greco, Jr.
7107 Schafer Street
Dallas, Texas 75252
abgreco@grecolaw.com
Plaintiff


_____/s/ Jeremy Overbey_____
Jeremy Overbey


DMS-#730044-v1-Rule_26(f)_Conference_Report.RTF

DEFENDANTS LSF9 MORTGAGE HOLDINGS, LLC, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND SUMMIT TRUSTEE SERVICES, LLC'S RULE 26(F) CONFERENCE REPORT

PAGE 9 OF 9