## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ALBERT B. GRECO, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:15-CV-767** |
| **BANK OF AMERICA, N.A., LSF9** | § | |
| **MORTGAGE HOLDINGS, LLC, U.S.** | § | |
| **BANK TRUST, N.A. AS TRUSTEE FOR** | § | |
| **LSF9 MASTER PARTICIPATION TRUST** | § | |
| **and SUMMIT TRUSTEE SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants LSF9 Mortgage Holdings, LLC, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and Summit Trustee Services, LLC ("Defendants"), file this Motion to Dismiss and Brief in Support ("Motion"), moving the Court to dismiss Plaintiff's Complaint with prejudice for failure to comply with a Court order.  This motion and brief are filed pursuant to Federal Rule of Civil Procedure 41(b).

## I. INTRODUCTION

1.      Following issuance of a Texas Rules of Civil Procedure 736 foreclosure order on Plaintiff Albert B. Greco's ("Greco") property, Greco sued Defendants for a declaratory judgment relating to alleged alteration of loan documents based on the acknowledgment to a Deed of Trust, purported violation of the state constitution, and for breach of contract based on alleged untimely property tax payments from escrow by Bank of America. Greco further pled to

quiet title to the property by removal of the Deed of Trust lien and an award of contract damages, including attorneys' fees and cost of suit.

2. Greco, who is a licensed Texas attorney, has wholly failed to prosecute his case, has refused to communicate with counsel for Defendants, and has defied the orders issued by the Court.

## II. ARGUMENT

3. A court may dismiss a plaintiff's suit for failure to prosecute and will be reversed only for an abuse of discretion. *Link v. Wabash, R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961); *Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 (5th Cir.1987); *Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir.1980); Fed. R. Civ. P. 41(b). The 5th Circuit has consistently held that Rule 41(b) dismissals are appropriate upon a showing of a "clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice." *Salinas* at 106.

4. The Court should dismiss Greco's suit because he has wholly failed to prosecute this case even though the plaintiff is himself an attorney. Specifically, Greco's suit should be dismissed for the following clear record of delay and contumacious conduct:

   a. Greco is personally responsible for not actively pursuing the lawsuit. Specifically, Greco personally signed his original petition acting pro se over his bar card number issued by the State Bar of Texas. According to comments entered on November 5, 2015, an attorney admittance letter for the Eastern District was sent to Greco on November 5, 2015.

   b. There is clear and pervasive record of Greco's delay by a total failure to prosecute the case and his outright refusal to comply with the Court's orders. *Dorsey v.*

*Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996) (failure to comply with orders and settings -- although the noncomplying party was at least involved in the case, unlike Greco).

    i.  On August 31, 2015, Greco filed his Original Petition in the 401st District Court of Collin County, Texas.

   ii.  On November 5, 2015, Defendants filed their Notice of Removal.

  iii.  On November 5, 2015, the Court issued its Order and Advisory directing the parties to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. Greco's amended complaint was due thirty (30) days from the date of the order.

  **iv.**  ***Greco has wholly failed to replead despite the Court's order.***

   v.  On December 17, 2015, the Court issued its Order Governing Proceedings which established a deadline of January 7, 2016 for the Rule 26(f) attorney conference, a deadline of January 19, 2016 for initial mandatory disclosures, and a deadline of January 21, 2016 for the parties to file a joint report of attorney conference.

  **vi.**  ***Greco wholly failed to reply to requests by counsel for Defendants hold a Rule 26(f) conference on January 7, 2016, despite the Court's order.***

 vii.  Greco did not confer with Defendants until after Defendants timely filed their unilateral Rule 26(f) Report. The Amended Joint Rule 26(f) Conference Report was then filed on January 21, 2016.

    viii.   *Greco wholly failed to comply with Local Rule CV-26 as he failed to file a Notice of Disclosure with the Court after serving a copy of his initial disclosures on January 19, 2016, via email.*

    ix.   *Greco wholly failed to comply with this Court's Order entered on December 17, 2015 and Federal Rules of Civil Procedure 26(a)(1)(A)(ii) as he failed to produce any documents to the Defendants.*

    x.   In contrast with Greco's defiance of the Court, Defendants have complied to the degree possible with the Court's orders, including filing;

       1)  Defendants' Notice of Service of Initial Disclosures and documents in accordance with the Order of December 17, 2015 and Federal Rules of Civil Procedure,

       2)  Defendants' Rule 26(f) Conference Report, and

       3)  Defendants' Proposed Scheduling Order.

5.    Defendant has been prejudiced.

    i.   Greco's lawsuit attacks a real property lien that secures a home equity loan he originated on October 16, 2006.

    ii.   On June 22, 2015, the 380th District Court of Collin County, Texas issued an Order for Foreclosure of the real property lien.

    iii.   Greco's lawsuit has prevented the lender from foreclosing the real property lien despite Greco's default providing Greco with nine months – and counting -- of free housing while the condition and value of the property are potentially declining.

        iv.   Greco's failure to actively pursue the lawsuit appears to simply be a bad faith attempt to prevent foreclosure by merely sitting on the Original Petition.

6.      In addition, Greco's blatant violations of the Court's orders interfere with the Court's ability to manage its docket.

7.      The public policy favoring disposition of cases on their merits is outweighed by Greco's *refusal to present merits for adjudication* and his willful, repeated, and comprehensive violations of the Court's orders.

8.      Finally, dismissal of Greco's suit is the only effective sanction available, because Greco has displayed utter disregard for the Court's authority and the rights of Defendants. Greco has not merely delayed; he has wholly failed to comply with *any* order of the Court since removal. *Dorsey v. Scott Wetzel Servs., Inc.,* 84 F. 3d 170, 171-72 (5th Cir. 1996) (court dismissed action filed by Plaintiff who engaged in delay tactics, including failure to timely file a joint pretrial order, attend the first day of trial docket, or show up for trial at later setting).

## CONCLUSION

For these reasons, Defendants ask the Court to grant the motion and dismiss Greco's suit with prejudice.

Respectfully submitted,

**COPE LAW FIRM**


By: ___*John J. Cope*_____
    JOHN J. COPE
    State Bar No. 00785784

  9284 Huntington Square, Ste. 100
  North Richland Hills, TX 76182
  Telephone: (817) 498-2300
  Fax: (817) 581-1500
  JCope@copefirm.com

  ATTORNEY FOR U.S. BANK TRUST,
  N.A. AS TRUSTEE FOR LSF9
  MASTER PARTICIPATION TRUST

and

J. Allen Smith
Texas Bar I.D. 18616900
*asmith@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D. 24046570
*joverbey@settlepou.com*
Amy S. Ooi
Texas Bar I.D. 24068620
*aooi@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR LSF9 MORTGAGE
HOLDINGS, LLC, U.S. BANK TRUST,
N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, and SUMMIT
TRUSTEE SERVICES, LLC

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 22nd day of March, 2016, a true and correct copy of the above and foregoing document has been served upon all counsel of record.

Via Email: ABGreco@GRECOlaw.com
Albert B. Greco, Jr.
Law Offices of Albert B. Greco, Jr.
7107 Schafer Street
Dallas TX  75252


                      ___*John J. Cope*_____
                      JOHN J. COPE

## **VERIFICATION**

STATE OF TEXAS      §
                       §
COUNYT OF TARRANT    §

       Before me, the undersigned notary, on this day personally appeared John J. Cope, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

       "My name is John J. Cope. I am a co-counsel for U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, and I am capable of making this verification. I have read Defendants LSF9 Mortgage Holdings, LLC, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and Summit Trustee Services, LLC's Motion to Dismiss and Brief in Support ("Motion"). The facts stated in the Motion are within my personal knowledge and are true and correct."

John J. Cope
Attorney for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

       SWORN TO AND SUBSCRIBED BEFORE ME, on this 22nd day of March, 2016.

Annette Macias

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires: 10/31/2019

> ANNETTE MACIAS
> Notary Public, State of Texas
> Comm. Expires 10-31-2019
> Notary ID 12332166